# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

---

**CAROL BETH SHINE, as Independent
Executor of the Estate of David Langley
Minchen**

                      **Plaintiff,**

**v.**                                             **CIVIL ACTION NO.  4:21-cv-00141**

**LINCOLN NATIONAL LIFE INSURANCE
COMPANY and NEW YORK LIFE
INSURANCE AND ANNUITY CORPORATION**

                      **Defendants.**

---

**NEW YORK LIFE INSURANCE AND ANNUITY
CORPORATION**

                      **Counter-Plaintiff and
                         Third-Party Plaintiff,**

**v.**

**CAROL BETH SHINE, as Independent Executor
of the Estate of David Langley Minchen,**

                      **Counter-Defendant,**

**And**

**CAROL BETH SHINE, Individually
FIDELITY INVESTMENTS CHARITABLE ACCOUNT a/k/a
FIDELITY CHARITABLE ACCOUNT #xxx2979 a/k/a
FIDELITY CHARITABLE GIFT FUND #xxx2979,
SERVANT GROUP INTERNATIONAL,
COMMISSION TO EVERY NATION,
PERSECUTION PROJECT FOUNDATION,
INTERNATIONAL MESSENGERS, and
INTERNATIONAL CHRISTIAN
CONCERN,**

                      **Third-Party Defendants.**

---

### NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM AND THIRD PARTY PETITION FOR RELIEF IN INTERPLEADER

Defendant, New York Life Insurance and Annuity Corporation ("NYLIAC"), through its undersigned counsel, answers the Original Petition (the "Petition") filed by Plaintiff, Carol Beth Shine, executor of the Estate of David Langley Minchen ("Plaintiff"), as follows:

### ANSWER TO PETITION

#### Discovery Level

1.      NYLIAC states that no response is required as the allegations set forth in Paragraph 1 of the Petition state Plaintiff's intention and a legal conclusion. To the extent a response is deemed required, NYLIAC denies the allegations set forth in Paragraph 1 of the Petition.

#### Relief Sought

2.      NYLIAC states that no response is required as the allegation set forth in the Paragraph 2 as it states a prayer for relief.  To the extent a response is deemed required, NYLIAC denies the allegation set forth in Paragraph 2 of the Petition.

#### Jurisdiction and Venue

3.      NYLIAC states that no response is required as the allegations set forth in Paragraph 3 of the Petition state a legal conclusion. To the extent a response is deemed required, NYLIAC denies the allegations set forth in Paragraph 3 of the Petition.

4.      NYLIAC states that no response is required as the allegations set forth in Paragraph 4 of the Petition state a legal conclusion. To the extent a response is deemed required, NYLIAC denies the allegations set forth in Paragraph 4 of the Petition.

**Parties**

5.      NYLIAC admits the allegation set forth in Paragraph 5 of the Petition.

6.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations set forth in Paragraph 6 of the Petition and thereby denies the same.

7.      NYLIAC denies the allegations of Paragraph 7 of the Petition and affirmatively states that NYLIAC is a Delaware Corporation with its principal place of business in New York and admits that it can be served through CT Corporation, its registered agent for service of process.

8.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegation set forth in Paragraph 8 of the Petition.  To the extent a response is required, NYLIAC admits the allegation as set forth in Paragraph 8 of the Petition upon information and belief.

9.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegation set forth in Paragraph 9 of the Petition.  To the extent a response is required, NYLIAC admits the allegation as set forth in Paragraph 9 of the Petition upon information and belief.

10.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegation set forth in Paragraph 10 of the Petition. To the extent a response is required, NYLIAC admits the allegation as set forth in Paragraph 10 of the Petition upon information and belief.

11.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegation set forth in Paragraph 11 of the Petition. To the extent a response

is required, NYLIAC admits the allegation as set forth in Paragraph 11 of the Petition upon information and belief.

12.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegation set forth in Paragraph 12 of the Petition. To the extent a response is required, NYLIAC admits the allegation as set forth in Paragraph 12 of the Petition upon information and belief.

13.     NYLIAC states that no response is required as the allegation set forth in Paragraph 13 of the Petition state a reference to interested parties. To the extent a response is deemed required, NYLIAC admits the allegation set forth in Paragraph 13 of the Petition.

**Facts**

14.     NYLIAC denies the allegations set forth in Paragraph 14 of the Petition and affirmatively states that NYLIAC issued Annuity number 53 214 058 with a Policy Date of April 21, 2015 and Annuity number 53 275 308 with a Policy date of January 26, 2017 to David Minchen.

15.     NYLIAC denies the allegation of the first part of Paragraph 15 of the Petition and refers to Paragraphs 13, 15, 16-17 of NYLIAC's Counterclaim for Interpleader Relief.   NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the second sentence of the allegation as set forth in Paragraph 15 of the Petition and thereby denies the same.

16.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 16 of the Petition and thereby denies the same.

17.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 17 of the Petition and thereby denies the same.

18.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 18 of the Petition and thereby denies the same.

19.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 19 of the Petition and thereby denies the same.

20.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 20 of the Petition and thereby denies the same.

21.     NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 21 of the Petition and thereby denies the same.

22.     NYLIAC denies the allegations as set forth in Paragraph 22 and affirmatively states that by two letters dated July 23, 2019, NYLIAC confirmed that the beneficiary information on record for Annuity Policy No. 53 214 058 was  "Service Group Int", "Commission to Every Nation", "Persecution Project Foundation", "International Messengers", "International Christian Concern" (collectively, the "2019 Beneficiaries") and that the beneficiary information on record for Annuity Policy No. 32 275 308  was "Service Group Int", "Commission to Every Nation", "Persecution Project Foundation", "International Messengers", "International Christian Concern."

(Annuity Policy No. 53 214 058 and Annuity Policy No. 32 275 308 are collectively referred to as "NYLIAC Annuities")

23.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 23 of the Petition and thereby denies the same.

24.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 24 of the Petition and thereby denies the same.

25.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the allegations as set forth in Paragraph 25 of the Petition and thereby denies the same.

26.      Upon information and belief, NYLIAC admits the allegation in Paragraph 26.

### Lack of Requisite Mental Capacity

27.      NYLIAC denies having knowledge or information sufficient to form a belief to the truth or falsity of the first sentence set forth in Paragraph 27 and thereby denies the same.  NYLIAC states that no response is required to the second sentence and third sentences set forth in Paragraph 27 of the Petition as it states a legal conclusion.  To the extent a response is deemed required, NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the second and third sentences set forth in Paragraph 27 and thereby denies the same. NYLIAC affirmatively states that, as neutral stakeholder of the NYLIAC Annuity Death Benefits at issue, it takes no position as to the respective claims of the competing claimants and concedes liability for payment of the NYLIAC Annuity Death Benefits.

**Undue Influence**

28.    NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 28 and thereby denies the same.

29.    NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 and thereby denies the same.

30.    NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 and thereby denies the same.

31.    NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 31 and thereby denies the same.

**Conditions Precedent**

32.    NYLIAC states that no response is required as the allegation set forth in Paragraph 32 of the Petition states a legal conclusion. To the extent a response is deemed required, NYLIAC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 32 and thereby denies the same.

**Prayer**

33.    NYLIAC states that no response is required as the allegations set forth in Paragraph 33(a)-(f) states a prayer for relief.  To the extent that a response is deemed required, NYLIAC denies the prayer for relief.   NYLIAC affirmative states that, as neutral stakeholder of the NYLIAC Annuity Death Benefits at issue, it takes no position as to the respective claims of the competing claimants and is prepared to interplead the funds at issue with the Registry of the Court or otherwise distribute the proceeds in accordance with the terms of the NYLIAC Annuities at issue and in accordance with a determination made by the Court.

## NYLIAC'S AFFIRMATIVE DEFENSES

1.      The Petition fails to state a claim upon which relief can be granted because Plaintiff is asserting a claim to the NYLIAC Annuity death benefits, the same funds that are subject to adverse claims by the Plaintiff and the 2019 Beneficiaries and for which NYLIAC seeks to interplead with the Court.

2.      The Petition, and each purported cause of action contained therein, fails to state a cause of action because the injuries and damages purportedly incurred by Plaintiff are not the result of any acts, omissions, or other conduct of NYLIAC, or any of its agents or employees.

3.      Plaintiff's claims are barred because NYLIAC's actions were made in good faith, were reasonable, were based on substantial evidence, and were not arbitrary or capricious.

4.      Plaintiff's claims are barred by the terms of a written contract and applicable disclaimers and limitations on services to be rendered by NYLIAC and others.

5.      To the extent applicable, Plaintiff's claims are barred by the parole evidence rule and the statute of limitations.

6.      NYLIAC has fully performed its contractual duties in all respects.

7.      Plaintiff may not be entitled to the NYLIAC Annuity death benefits pursuant to the terms of the NYLIAC Annuities at issue and other applicable law.

8.      At all times relevant herein, NYLIAC acted properly under legal and equitable principles and in provisions with the NYLIAC Annuities at issue.

9.      NYLIAC, as neutral stakeholder of the funds at issue, is prepared to pay the NYLIAC Annuity Death Benefits to the rightful beneficiary or beneficiaries once they have been established. Accordingly, NYLIAC seeks to interplead the NYLIAC Annuity Death Benefits with the Court so that the funds may be distributed once the Court has determined the rightful

beneficiary or beneficiaries, or otherwise distribute the proceeds in accordance with the Court's directive.

10. NYLIAC reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined by complete and full discovery.

**WHEREFORE**, NYLIAC prays that the Court enter judgment:

(a) dismissing Plaintiff's Petition to the extent it seeks relief against NYLIAC other than, or in addition to, payment by NYLIAC of the NYLIAC Annuity Death Benefits at issue; and

(b) awarding NYLIAC any other and further relief that this Court deems just and proper.

## NYLIAC'S  COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR RELIEF IN INTERPLEADER

### PARTIES

1. Counter-Plaintiff and Third-Party Plaintiff NYLIAC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York. NYLIAC is duly authorized to do business in the State of Texas.

2. Upon information and belief, Counter-Defendant Carol Beth Shine, as executor of the Estate of David Langley Minchen ("Estate"), has probated the Estate in Harris County, Texas.

3. Upon information and belief, Third-Party Defendant Carol Beth Shine resides in Collin County, Texas and is a citizen of Texas.

4. Upon information and belief, Third-Party Defendant Fidelity Investments Charitable Account a/k/a Fidelity Charitable Account #xxx2979 a/k/a/ Fidelity Charitable Gift Fund #xxx2979 may be served through Fidelity Investments Charitable Gift Fund, a non-profit organization existing under the law of Massachusetts and located in Boston, Massachusetts.

5.     Upon information and belief, Third Party Defendant Servant Group International is a nonprofit organization existing under the laws of Tennessee and located at 506 Tanksley Avenue, Nashville, Tennessee 37211.

6.     Upon information and belief, Third Party Defendant Commission to Every Nation is a nonprofit organization existing under the laws of Texas and is located at 815 Jefferson Street, Suite 200, Kerrville, Texas 78028.

7.     Upon information and belief, Third Party Defendant Persecution Project Foundation is a nonprofit organization existing under the laws of Virginia and is located at 215 N. West Street, Culpepper, Virginia 22701.

8.     Upon information and belief, Third Party Defendant International Messengers is a nonprofit organization existing under the laws of Minnesota and located at 110 Orchard Court, PO Box 618, Clear Lake, Iowa, 50428.

9.     Upon information and belief, Third Party Defendant International Christian Concern Inc. is a non-profit organization existing under the laws of Maryland and located at 2020 Pennsylvania Avenue NW 941, Washington D.C. 20006.

10.     This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Counter-Plaintiff and Third-Party Plaintiff NYLIAC is a citizen of Delaware and New York, Counter-Defendant Estate is a citizen of Texas, and Third Party Defendants are citizens of Massachusetts, Tennessee, Texas, Iowa, Virginia, Maryland, and Washington D.C. for diversity purposes.

11.     This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Adverse Claimants are of diverse citizenship and the amount in controversy exceeds $500.00.  There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire,* 386

-10-

U.S. 523 (1967). Upon information and belief, the adverse claimants are citizens of Massachusetts, Tennessee, Texas, Iowa, Virginia, Maryland, and Washington D.C.

12.    Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

<u>CAUSE OF ACTION IN INTERPLEADER</u>

13.    NYLIAC issued Annuity Policy No. 53 214 058 ("Annuity A") to David Langley Minchen ("Insured") with a policy date of April 21, 2015 and initial value of $350,000. *A copy of the relevant Policy data is attached hereto as **Exhibit A.***

14.    By Beneficiary Information Form dated May 4, 2015, the Insured designated "Fidelity Charitable Gift Fund #xxx2979" as 100% primary beneficiary of the Annuity A proceeds. *A copy of the Beneficiary Information Form dated May 4, 2015 is attached hereto as **Exhibit B***.

15.    NYLIAC issued Annuity Policy No. 53 275 308 ("Annuity B") to the Insured with a policy date of January 26, 2017 and initial value of $450,000. *A copy of the relevant Policy data is attached hereto as **Exhibit C***.

16.    By Beneficiary Information Form dated February 10, 2017, the Insured designated "Fidelity Charitable Acct ##xxx2979" as 100% primary beneficiary of the Annuity B Proceeds. *A copy of the Beneficiary Information Form dated February 10, 2017 is attached hereto as **Exhibit D***.

17.    By Ownership/Beneficiary Change Form dated February 2, 2018, the Insured designated Carole Beth Shine, sister, as primary beneficiary to 25% of the Policy A proceeds and "Fidelity Investments Charitable Account" as primary beneficiary to 75% of the Policy A

proceeds. *A copy of the Ownership/Beneficiary Change Form dated February 2, 2018 is attached hereto as **Exhibit E**.*

18.     By Ownership/Beneficiary Change Form dated February 2, 2018, the Insured designated "Fidelity Investments Charitable Account" as primary beneficiary to Policy B proceeds. *A copy of the Ownership/Beneficiary Change Form dated February 2, 2018 is attached here to as **Exhibit F**.*

19.     Upon information and belief, "Fidelity Investments Charitable Account", "Fidelity Investments Charitable Account" as designated in the February 2, 2018 Beneficiary Change Forms, "Fidelity Charitable Acct #xxx2979" as designated in the February 10, 2017 Beneficiary Change Form, and "Fidelity Charitable Gift Fund #xxx2979" as designated in the May 4, 2015 Beneficiary Information Form refer to the same account.

20.     By Ownership/Beneficiary Change Form dated July 22, 2019, Servant Group International, Commission to Every Nation, Persecution Project Foundation, International Messengers, and International Christian Concern (collectively the "2019 Beneficiaries") were designated equal primary beneficiaries with 20% shares each of the Policy A and Annuity B proceeds.[1] *A copy of the Ownership/Beneficiary Change Form dated July 22, 2019 is attached hereto as **Exhibit G**.*

21.     Upon information and belief, the Insured died on March 3, 2020.

22.     Upon receipt of a Certificate of Death of the Insured, Annuity A death benefits and Annuity B death benefits (collectively "NYLIAC Annuity Death Benefits") will become due to a beneficiary or beneficiaries and NYLIAC concedes liability to that effect.

---

[1] Annuity A and Annuity B are fixed annuities and remaining death benefits associated with those contracts is subject to accrued interest and will be calculated on the date of distribution.  For reference, Annuity A death benefit would have been $388, 626.82 and Annuity B death benefit would have been $487,563.43 if distributed on January 8, 2021.

23.     By New York Life Annuities Death Benefit Form dated November 9, 2020, Persecution Project Foundation asserted a claim for Annuity B death benefits.  *A copy of the Death Benefit Form dated November 9, 2020 is attached hereto as **Exhibit H.***

24.     By letter correspondence dated November 16, 2020, Commission To Every Nation notified NYLIAC of its intention to assert a claim to the NYLIAC Annuity Death Benefits. *A copy of the letter correspondence dated November 16, 2020 is attached hereto as **Exhibit I.***

25.     By letter correspondence dated November 25, 2020, International Christian Concern notified NYLIAC of its intention to assert a claim to the NYLIAC Annuity Death Benefits.  *A copy of the letter correspondence dated November 25, 2020 is attached hereto as **Exhibit J.***

26.     On or about December 21, 2020, Carol Beth Shine, on behalf of the Estate of the Insured, commenced an action in Probate Court No. 3, Harris County, Texas seeking, *inter alia*, receipt of the NYLIAC Annuity Death Benefits ("State Action").  *(ECF Doc. No. 1 Ex. A)*

27.     On or about January 16, 2021, NYLIC removed the State Action to this Court. (*ECF Doc. No. 1*)

28.     There have been no other claims for the NYLIAC Annuity Death Benefits. Under the circumstances, NYLIAC cannot determine factually or legally who is entitled to the NYLIAC Annuity Death Benefits. By reason of the actual or potential claims of the Estate and the Third-Party Defendants (collectively "Adverse Claimants"), NYLIAC is or may be exposed to multiple liability.

29.     NYLIAC is ready, willing and able to pay the NYLIAC Annuity Death Benefits, plus applicable interest, if any, payable in accordance with the terms of the NYLIAC Annuities and to whomever this Court shall designate.

30.     As a mere stakeholder, NYLIAC has no interest (except to recover its attorneys' fees and cost of this action) in the NYLIAC Annuity Death Benefits due and respectfully requests that this Court determine to whom said benefits should be paid.

31.     Accordingly, pursuant to Fed. R. Civ. P. 22 and 67, NYLIAC seeks to deposit the funds at issue with the Registry of the Court for subsequent disbursement in accordance with the judgment of this Court and other relief in Interpleader.

32.     NYLIAC has not brought this Counterclaim and Third Party Complaint for Relief in Interpleader at the request of any of the Adverse Claimants. There is no fraud or collusion between NYLIAC and any of the other parties. NYLIAC brings this Counterclaim and Third Party Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, NYLIAC prays that the Court enter judgment:

(a)     dismissing the Estate's Petition to the extent it seeks relief against NYLIAC other than, or in addition to, payment of the NYLIAC Annuity Death Benefits by NYLIAC;

(b)     requiring the Adverse Claimants to answer this Counterclaim and Third Party Complaint for Relief in Interpleader and litigate their claims between themselves for the NYLIAC Annuity Death Benefits;

(c)     requiring that the Adverse Claimants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the NYLIAC Annuity Death Benefits should be paid;

(d)     permitting NYLIAC to deposit the amount of the NYLIAC Annuity Death Benefits, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)     discharging NYLIAC from any and all further liability to the Adverse Claimants relating in any way to the NYLIAC Annuity Death Benefits and/or the Insured's coverage under the NYLIAC Annuities upon payment of the NYLIAC Annuity Death Benefits into the Registry of this Court or as otherwise directed by this Court;

-14-

(f)   dismissing with prejudice NYLIAC from this action following deposit of the NYLIAC Annuity Death Benefits with the Registry of the Court or as otherwise directed by this Court;

(g)   enjoining the Adverse Claimants from instituting or prosecuting any proceeding in any state or United States court affecting the NYLIAC Annuity Death Benefits and/or the Insured's coverage under the Annuities;

(h)   awarding NYLIAC its attorneys' fees and costs in their entirety; and

(i)   awarding NYLIAC any other and further relief that this Court deems just and proper.


Dated: January 21, 2021                          Respectfully submitted,


                                                 By:   */s/ Steven D. Seybold*
                                                       Sinéad O'Carroll
                                                       TX State Bar No. 24013253
                                                       Southern District Bar No. 567095
                                                       Steven D. Seybold
                                                       TX State Bar No. 24098409
                                                       Southern District Bar No. 3108738
                                                       REEVES & BRIGHTWELL LLP
                                                       221 W. Sixth St., Suite 1000
                                                       Austin, Texas 78701
                                                       (512) 334-4500
                                                       (512) 334-4492 facsimile
                                                       socarroll@reevesbrightwell.com
                                                       sseybold@reevesbrightwell.com

                                                       ***Counsel for Defendant New York Life Insurance and Annuity Corporation***

## **CERTIFICATE OF SERVICE**

I do hereby certify that on January 21, 2021, a true and correct copy of the foregoing document was sent via the Court's electronic filing system, electronic mail, and/or regular U.S. Mail to the following parties of record:

Eric T. Bean
Jimmy Walker
Dinkins Kelly Lenox Lamb & Walker, L.L.P.
2500 East T.C. Jester Blvd., Suite 675
Houston, TX  77008-1461

Lincoln National Life Insurance Company
c/o CSC
211 East 7th St., Suite 620
Austin, TX  78701-3218

Linda C. Goehrs
Horrigan & Goehrs, L.L.P.
1401 Truxillo St.
Houston, TX 77004

Commission to Every Nation
815 Jefferson St., Suite 200
Kerrville, TX  78028

Persecution Project Foundation
215 N. West St.
Culpepper, VA  22701

International Messengers
PO Box 618
110 Orchard Court
Clear Lake, IA  50428

International Christian Concern
2020 Pennsylvania Ave. NW 941
Washington, DC  20006

Leslie J. Friedlander
Assistant Attorney General
Financial Litigation and Charitable
  Trusts Division
P.O. Box 12548
Austin, TX 78711-2548

*/s/ Steven D. Seybold*
Steven D. Seybold

-16-